IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHRIS LOWRY, by, through, and with                                                                PLAINTIFFS
his Mother WENDY CROW;
COLTON DOUGAN, by, through, and with
his Father FRANK DOUGAN and
Mother LEIGH DOUGAN; and
MICHEAL JOSEPH, by, through, and with
his Mother HEIDI JOSEPH

v.                                              No. 5:06CV00262 JLH

WATSON CHAPEL SCHOOL DISTRICT, *et al*.                                              DEFENDANTS

## JUDGMENT

This action came before the Court for trial by jury beginning on September 11, 2007. All parties appeared and announced ready for trial. A jury of twelve was duly selected and sworn. On the second day of trial, one member of the jury was excused. Without objection, the action was tried to a conclusion with eleven jurors. At the beginning of trial, the defendants stipulated that the discipline imposed on Chris Lowry, Colton Dougan, and Michael Joseph for wearing black armbands to school on October 6, 2006, was imposed because the black armbands signified disagreement with the student apparel policy. The defendants also stipulated that the wearing of the black armbands caused no material disruption or substantial interference with school. In light of these stipulations, the Court held that the facts necessary to establish a violation of the plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution as interpreted in *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 89 S. Ct. 733, 21 L. Ed. 2d 731 (1969), were no longer in dispute, so the only factual issues for the jury to determine with regard to the discipline imposed for wearing black armbands (Count One of the Amended Complaint) were damage issues. At the close of plaintiffs' case in chief, the Court entered judgment as a matter of law on Count Three of plaintiffs' Amended Complaint.

On September 13, 2007, the jury returned a unanimous verdict as follows:

1. Do you find that plaintiffs have proven by a preponderance of the evidence that the discipline imposed on Chris Lowry for distributing the flyer was imposed because he was expressing disagreement with the student apparel policy?

    ___ Yes    _X_ No

    */s/ Gail E. Harvey*
    FOREPERSON
    DATED: *9-13-07*

If you answer to Interrogatory (1) is "No," then move on to Interrogatory (3). If your answer to Interrogatory (1) is "Yes," then answer Interrogatory (2).

2. Do you find that plaintiffs have proven by a preponderance of the evidence that Chris Lowry's distribution of the flyer caused no material disruption or substantial interference with school?

    ___ Yes    _X_ No

    */s/ Gail E. Harvey*
    FOREPERSON
    DATED: *9-13-07*

3. State the amount of damages the plaintiffs have proven by a preponderance of the evidence, if any.

Chris Lowry:    $ *0*
Michael Joseph:    $ *0*
Colton Dougan:    $ *0*

    */s/ Gail E. Harvey*
    FOREPERSON
    DATED: *9-13-07*

4. Do you find that plaintiffs have proven by a preponderance of the evidence that in imposing discipline, defendant Mr. Webb was acting with evil motive or intent or was callously indifferent to plaintiffs' rights in disciplining the plaintiffs?

    ___ Yes    _X_ No

    */s/ Gail E. Harvey*
    FOREPERSON
    DATED: *9-13-07*

5. Do you find that plaintiffs have proven by a preponderance of the evidence that in imposing discipline, Mr. Knight was acting with evil motive or intent or was callously indifferent to plaintiffs' rights in disciplining the plaintiffs?

         Yes     __X__ No

*/s/ Gail E. Harvey*
FOREPERSON

DATED: 9-13-07

IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED, AND DECREED that plaintiffs take nothing by virtue of their complaint against Charles Daniel Knight and Henry Webb in their individual capacities. Judgment is hereby entered in favor of Charles Daniel Knight and Henry Webb on plaintiffs' claims against them in their individual capacities for money damages.

The Court will retain jurisdiction for the purpose of considering what injunctive relief, if any, should be awarded. On the issue of what injunctive relief, if any, should be awarded, plaintiffs must file their brief with proposed findings of fact and conclusions of law on or before October 12, 2007. The defendants must file their brief with proposed findings of fact and conclusions of law on or before the 15th calendar day after the plaintiffs have filed their brief. The plaintiffs may file a reply brief no later than the 7th calendar day after the defendants have filed their brief.

IT IS SO ORDERED this 14th day of September, 2007.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE