IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHRIS LOWRY, by, through, and with                                                     PLAINTIFFS
his Mother WENDY CROW;
COLTON DOUGAN, by, through, and with
his Father FRANK DOUGAN and
Mother LEIGH DOUGAN; and
MICHEAL JOSEPH, by, through, and with
his Mother HEIDI JOSEPH

v.                                   No. 5:06CV00262 JLH

WATSON CHAPEL SCHOOL DISTRICT, *et al*.                                     DEFENDANTS

## ORDER

This case was tried to a jury beginning on September 11, 2007.  At the beginning of trial, the defendants stipulated that the discipline imposed on Chris Lowry, Colton Dougan, and Michael Joseph for wearing black armbands to school on October 6, 2006, was imposed because the black armbands signified disagreement with the student apparel policy.  The defendants also stipulated that the wearing of the black armbands caused no material disruption or substantial interference with school.  In light of these stipulations, the Court held that the facts necessary to establish a violation of the plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution as interpreted in *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 89 S. Ct. 733, 21 L. Ed. 2d 731 (1969), were no longer in dispute, so the only factual issues for the jury to determine with regard to the discipline imposed for wearing black armbands were damage issues.

Without objection, the Court instructed the jury, "If you find that the plaintiffs' damages have no monetary value, then you must return a verdict for the plaintiffs in the nominal amount of One Dollar ($1.00)."  Despite that instruction, in Interrogatory No. 3, where the jury was instructed to state the amount of damages the plaintiffs had proven by a preponderance of the evidence, the jury

wrote "$0" for each of the three plaintiffs. Now the plaintiffs have filed a motion to alter or amend the judgment, or in the alternative, for a new trial. The motion to alter or amend the judgment is GRANTED. The alternative motion for a new trial is DENIED AS MOOT. Document #70.

The Eighth Circuit has held that nominal damages must be awarded when a plaintiff establishes a violation of the right to free speech. *Risdal v. Halford*, 209 F.3d 1071, 1072 (8th Cir. 2000). The defendants argue that the plaintiffs waived their right to claim nominal damages because they did not "ask the Court to correct the inconsistency in the verdict before the jury was discharged[.]" The defendants cite cases in which the courts have held that, if a party believes that a jury verdict is inconsistent, it must object to the asserted inconsistency and move for resubmission of the inconsistent verdict before the jury is discharged. *Dairy Farmers of America v. Travelers Ins. Co.*, 391 F.3d 936, 945 (8th Cir. 2004); *Doe v. Washington County*, 150 F.3d 920, 924 (8th Cir. 1998). Here, the jury did not return an inconsistent verdict. The jury failed to follow the instruction that required a verdict of nominal damages if the plaintiffs' damages had no monetary value, but there is no inconsistency between the jury finding of no damages and any other aspect of the jury verdict. In contrast, in *Doe* the jury found liability on the part of the county but not on the part of the sheriff in his official capacity. Because a suit against the sheriff in his official capacity is the equivalent of a suit against the county, those two aspects of the verdict were inconsistent with one another. *Id.* at 923.

"The purpose of the rule is to allow the original jury to eliminate any inconsistencies without the need to present the evidence to a new jury." *Lockard v. Missouri Pac. R. Co.*, 894 F.2d 299, 304 (8th Cir. 1990). Here, there were no inconsistencies in the verdict that needed to be eliminated by the original jury and no need to present any evidence to a new jury.

This is purely a question of law. According to the opinion of the Eighth Circuit in *Risdal*, nominal damages must be awarded when a plaintiff establishes a violation of the right to free speech. 209 F.3d at 1072. Without objection, the Court so instructed the jury. Because this is an issue of law and not a matter of inconsistency in the verdict, the motion to alter or amend the judgment is GRANTED. The judgment is hereby amended to reflect an award of nominal damages in the amount of One Dollar ($1.00) each to Chris Lowry, Colton Dougan, and Michael Joseph. Document #70.

IT IS SO ORDERED this 12th day of October, 2007.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE